AMERICAN INSURANCE COMPANY v. THOMAS REED.

*Stipulations of counsel as to legal effect of contracts.*

The Supreme Court cannot undertake to construe an insurance policy or other contract upon mere stipulations of counsel as to its legal effect.

Error to Wayne. Submitted April 16. Decided April 22.

ASSUMPSIT on an instalment note to an insurance company. Plaintiff brings error.

*Crofoot & Kudner* and *J. M. Bailey* for plaintiff in error.

*C. E. Wilber* and *Moore & Moore* for defendant in error.

MARSTON, J. The record presented in this case is very unsatisfactory indeed, and must prevent us from passing upon the questions raised as was expected by counsel.

It was claimed upon the argument that in *Yost v. American Ins. Co.*, 39 Mich., the court disposed of the case when the facts were not fully presented and upon a point not raised by counsel, and the decision in that case was for these reasons criticised somewhat. The present, it was said, was a supplemental case to the one referred to, and stated more fully the contract between the parties, and because of these additional facts and the benefit of

an exhaustive argument, we are asked to reconsider the questions then passed upon.

In *Yost's* case we held that the note sued upon and the policy of insurance were parts of but one transaction and should be construed together, and from this we see no reason to depart.

On turning to the record we find that the evidence introduced before the justice by whom this case was tried consisted of a written stipulation signed by counsel for the respective parties, and of certain exhibits referred to therein. Exhibit A is the note sued upon, and Exhibit B defendant's application for the policy, and upon which the policy was issued. The other exhibits were notices or copies of notices served upon defendant requesting him to pay the installments due, and calling his attention to the penalty in case of failure to pay, by attaching thereto what purported to be a copy of an act to amend the charter of the plaintiff insurance company.

·The policy issued to defendant, which formed a material part of the contract, was not attached to the stipulation nor introduced in evidence, nor a copy thereof, nor was its loss or absence accounted for. The stipulation referred to, states that the policy was in the usual form, leaving us to guess what is the usual form of a policy of insurance. It farther states that it was provided in said policy as to the effect of a default by the insured in the payment of any installment of the premium. The provisions of the policy pertaining thereto are not given, but only the stipulation of counsel as to the *effect* of those provisions. We are asked therefore to construe the contract entered into between the parties, not from an inspection of the same, but from counsel's version of the legal effect of some of its provisions. If counsel are not more correct in their statement of the provisions of the policy than they are in setting forth in the stipulation the force and effect of the sections of the charter referred to, then it would be very unwise indeed for us to act thereon, and we might find it claimed here-

after that the case had been decided upon a partial statement or misstatement of the terms of the contract. It may also admit of some doubt whether there is anything in the case properly showing that the provision referred to has been properly shown to be a portion of the charter of the insurance company. These difficulties show some of the dangers that might be likely to arise, where counsel attempt to confine the court to such questions as they think proper to present.

We regret that all the facts were not fully set forth in this case, but as they have not been, we deem it best not to enter upon a discussion of the questions presented. One farther suggestion might be made in view of any question hereafter arising in similar cases, viz.: how far a mere reference in a policy of insurance to the provisions of a charter of a foreign insurance company, or of a local or private act of the legislature of a foreign country, can be considered binding upon the person accepting the policy. This question arises, with others, and has not thus far been discussed. As the record now stands we can but affirm the judgment of the circuit court affirming the justice's judgment, as the plaintiff did not prove such a case as would entitle him to recover. The judgment will be affirmed with costs.

The other Justices concurred.